## ROULEAU *v.* STRADLEY.

LOST DEED—EVIDENCE—APPEAL.

> Evidence reviewed, and *held* to warrant a decree establishing a lost deed.

Appeal from Chippewa; Steere, J. Submitted April 17, 1901. Decided May 21, 1901.

Bill by Joseph Rouleau against John G. Stradley, administrator of the estate of Alice J. Rouleau, deceased, and others, to quiet title. From a decree for complainant, defendants appeal. Affirmed.

*Holden & Holden,* for complainant.

*Warner & Sullivan,* for defendants.

LONG, J. This bill is filed to quiet title. The complainant was the husband of Alice J. Rouleau, deceased. Defendant Stradley is administrator of the estate of Alice J. Rouleau, and the other defendants are the children of complainant and Alice J. Rouleau. The complainant's claim is that he was the owner by purchase of two certain pieces of property in Sault Ste. Marie in the year 1895; that he deeded the same to his wife, as his health was greatly impaired, and he desired her to have the benefit of the whole property if he should not survive her; that afterwards, in consultation with his attorney, he was advised that he would be stripped of all his property if he survived his wife, and that it was agreed between himself and wife that she should make quitclaim deeds back to him, which she did; that two deeds were made,—a deed of each piece,—and acknowledged and delivered to him by his wife; that he put them away unrecorded; and that after the death of his wife he was unable to find them, as they either had been surreptitiously taken away or had become lost. The defendants claimed that the deed given by the complainant to his wife was to defraud creditors, and that no other deeds were ever made to complainant by his wife, as claimed. Some considerable testimony was taken on the hearing in open court, and the court found that quitclaim deeds had been given, as claimed by complainant, and entered a decree quieting title, as prayed in the bill, in him. Defendants appeal.

The complainant introduced a witness by name of Rains, a nephew of the deceased wife, who testified that he was reading law with Mr. Cady at Sault Ste. Marie in the spring of 1896, and upon two occasions saw the quitclaim deeds in the hands of complainant; that he knew the property described in the deeds, and examined the deeds; that they were from Alice J. Rouleau to the complainant; that they were acknowledged before M. F. McDonald, notary public, a lawyer of that town, and witnessed by him and Bertha Rouleau, a daughter of the parties. Mr. McDonald was called as a witness, and testified that he drew the

deeds and witnessed their execution.   The defendants introduced some evidence showing circumstances which they claim made it apparent that the deeds were never made as claimed by these witnesses.   It would be of no interest to the parties litigant or the profession to set out the testimony here upon either side of the controversy, as, from a reading of the whole record, we are satisfied that the complainant has established his claim by a preponderance of the testimony.   Any other finding would convict the complainant, Mr. McDonald, and Mr. Rains of willful and deliberate perjury, and we cannot arrive at that conclusion from a reading of the whole record.

The decree below must be affirmed, with costs to complainant.

The other Justices concurred.